STATE of Missouri, Respondent,

v.

Christopher E. FOSTER, Appellant.

No. KCD 29161.

Missouri Court of Appeals,
Kansas City District.

Oct. 11, 1977.

Clifford A. Cohen, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Jeff W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for respondent.

Before TURNAGE, P. J., and WASSER-STROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

Christopher Foster was convicted by a jury of tampering with a motor vehicle, § 560.175–1, RSMo 1969. The court found Foster was subject to the Second Offender Act, § 556.280, RSMo 1969, and sentenced Foster to four years imprisonment.

On this appeal Foster makes the singular point of error in the admission of records introduced to prove the previous conviction to bring him within the provisions of the Second Offender Act. Affirmed.

Foster does not raise any question concerning the sufficiency of the evidence. He was found by the police officer inside an automobile with a screwdriver trying to pry out the radio. The proof indicated Foster was neither the owner of the automobile nor had permission to remove the radio.

To show a previous conviction, the State introduced Exhibits 1, 2 and 3. Exhibit 1 was the serial transcript from the Division of Corrections which revealed Foster was received on April 12, 1974, with a sentence to expire on January 27, 1979. The record further showed Foster was paroled on March 15, 1976. This record did state the length of sentence was twelve years.

Exhibit 2 was a certified copy of the records of the circuit court of Jackson County which stated Foster pleaded guilty to burglary second degree, and was sentenced to a term of five years confinement and placed on probation for a period of two years. This record indicated *imposition* of sentence was suspended.

Exhibit 3 was a certified copy of the records of the circuit court of Jackson County of the proceedings by which the probation previously granted Foster was revoked and he was sentenced to five years confinement.

When the State sought to introduce these three exhibits, Foster's counsel objected on the grounds Exhibit 1 indicated the length of sentence was twelve years, which is beyond the authorized sentence for burglary second degree, and Exhibit 2 stated the imposition of sentence was suspended when the record indicated sentence had already been pronounced. The objection then and now was that such records were inconsistent with themselves on their face and did not provide sufficient evidence from which the court could find Foster was subject to the Second Offender Act.

■ The State was required to show Foster was convicted of a prior offense punishable by imprisonment in the penitentiary, that he was sentenced therefor, and he was subsequently placed on probation, parole, fined or imprisoned therefor. § 556.280; *State v. Blackwell*, 459 S.W.2d 268, 272[3] (Mo. banc 1970).

■ The three exhibits introduced and admitted into evidence show beyond any question the facts necessary to bring Foster within the provisions of the Second Offender Act. The indication on the serial transcript that Foster was received for a twelve-year sentence was an obvious clerical error. The record indicated the correct charge, the correct date sentence was pronounced, the correct date he was received at the penitentiary, the correct date on which his sentence would expire, and the correct date on which he was paroled from the penitentiary. In the face of this, the notation that his sentence was twelve years cannot be anything but an obvious clerical mistake.

The circuit court record which stated imposition of sentence was suspended is also an obvious clerical error. The record reveals Foster had entered his plea of guilty and sentence had been imposed. The record obviously should have stated that execution of sentence was suspended.

■ Clerical errors will not invalidate otherwise sufficient evidence to show the application of the Second Offender Act. *State v. Garner,* 538 S.W.2d 937, 942 (Mo. App.1976). In admitting the exhibits the trial court observed the discrepancies noted were obviously clerical errors. There was ample evidence to show Foster was subject to the Second Offender Act.

Judgment affirmed.

All concur.